# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HARRISON DIVISION

**TANNER CROOK**                                                                 **PLAINTIFF**

**V.**                           **CASE NO. 3:19-CV-03041**

**NURSE JODY WOODS and**
**CORPORAL JARROD POINTER**
                                                                                **DEFENDANTS**

## OPINION AND ORDER

Tanner Crook ("Crook"), currently an inmate of the Boone County Detention Center ("BCDC"), has filed a civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and has sought leave to proceed *in forma pauperis.*

Crook names as Defendants Nurse Jody Woods ("Woods") and Corporal Jarrod Pointer ("Pointer"). Crook has sued the Defendants in both their individual and official capacities.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(e)(2).

### I.      BACKGROUND

According to the allegations of the Complaint, on June 3, 2019, Crook overheard Woods talking about his fiancée's and his medical conditions. Specifically, Crook alleges Woods was telling Pointer that she had met Crook's fiancée, who was HIV positive, in

1

April when he came to the BCDC.

Crook alleges he was offended by this and wants something done about it. Crook maintains Woods' conduct amounted to a breach of confidentiality in violation of the Health Insurance Portability and Accountability Act ("HIPAA"). As relief, Crook seeks release on bond on his own recognizance, or monetary damages.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious; (2) fail to state a claim upon which relief may be granted; or, (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citation omitted).

However, the Court bears in mind that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by

lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

Section 1983 requires proof of two elements: (1) the conduct complained of must be committed by a person acting under color of state law, and (2) the conduct must deprive the plaintiff of rights or privileges secured by the Constitution or laws of the United States.

Crook maintains that Woods violated HIPAA. HIPAA does not expressly or impliedly create a private cause of action. *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010). As there is no violation of the Constitution and no private cause of action under HIPAA, no plausible claim is stated.

## IV. CONCLUSION

For the reasons stated, the HIPAA claim is subject to dismissal because it is frivolous and fails to state claims upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

This dismissal constitutes a strike within the meaning of the Prison Litigation Reform Act. The **Clerk** is directed to enter a § 1915(g) strike flag on this case.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this dismissal would not be taken in good faith.

**IT IS SO ORDERED** on this 24th day of July, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE